JOHN FITZPATRICK *v.* GEORGE CAPLIN and JOHN COOK and another.

Where a vendor of personal property, or a grantor of a privilege to use a piece of ground as a place to deposit earth, in an action for the price or value, proves actual possession and control in himself, and the fact of sale and delivery of the personal property and actual enjoyment of the privilege by the grantor; he is not bound to give evidence of his own title.

And the purchaser cannot defeat a recovery, without showing, on his own part, either that for want of title in the vendor he has lost the benefit of his purchase, or is liable to some other person as in fact the actual owner.

THE assignor of the plaintiff, Charles Devlin, was a contractor with the corporation of the city of New York for the building of a sewer in Grand street, in that city, and the defendants also held a contract for paving the same street. The defendants contracted with Devlin for the purchase from him of the surplus sand obtained in constructing the sewer, and for the use of a portion of the cut left by the excavations, as a place for depositing earth which the defendants were removing from another section of the street.

The complaint was presented in the Marine Court. It claimed the price and value of fourteen hundred loads of sand sold and delivered to the defendants, and also sought to recover a sum mentioned, for the use of the place agreed upon for the deposit of earth.

The answer set up several defences, but the only ground of objection to the plaintiff's recovery discussed in the opinion

related to the question, whether Devlin possessed a saleable property or interest in the sand, or any authority to grant the right which he claimed to have conveyed to the defendants. The cause now came up for a review of a judgment, rendered below, in the plaintiff's favor.

*Frederick Frye,* for the defendants.

*Benj. M. Stilwell* and *S. E. Swain,* for the plaintiff.

By the Court. Woodruff, J.—There was sufficient proof to warrant the court below in finding that the plaintiff's assignor was in the actual possession of the subject of sale, (to wit, the sand in question,) and of the place in which the defendants were permitted to deposit earth; and that the defendants actually purchased and received the sand, and actually used the privilege of depositing earth accorded to them by such assignor.

Under such circumstances the defendants are bound to pay for the property and privilege purchased by them from the assignor of the plaintiff according to their agreement; and it does not lie in their mouths to deny the title of the vendor, after they have actually enjoyed the benefit of their bargain, without showing that some other person has title, to whom they are liable to make payment.

It was not necessary for the plaintiff to prove the vendor's title. The actual possession and control, and the fact of sale and delivery, were sufficient to sustain the action. The nonsuit was, therefore, properly denied.

And for the same reasons it was not necessary for the plaintiff to produce the contract with the corporation. He did not seek to prove it. If he had, he must have been required to produce it. But having proved actual possession, sale and delivery, his case was *prima facie* established. If the defendants wished to use the contract to show that it did not conform to the corporation ordinances, or for any other purpose, they might produce it, or give notice to the plaintiff to produce it, if in his possession, or summon the assignor to

produce it. But the plaintiff did not offer to prove its contents, and was not bound to do so to sustain the action. It was the defendants who gave parol evidence of the contract, and surely they cannot, on appeal, complain of their own act.

There is another view of the defendants' claims alike conclusive. The consideration of the sale, &c., to them, has never failed. Neither, in fact, by the loss of the benefits received nor by showing better title to recover in some one else, has it failed in contemplation of law.

The judgment must be affirmed, with costs. The amount of the recovery, under evidence which was conflicting, it was particularly the province of the judge below to settle, and we cannot interfere with his finding.

Judgment affirmed.